USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 15, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTINA RODRIGUEZ-VALLEJO,

Plaintiff,

-against-

FLORISUN, LLC,

Defendant.

25-CV-06853 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a discrimination lawsuit. *Pro se* Plaintiff Krystina Rodriguez-Vallejo alleges her former employer, Defendant Florisun, LLC, discriminated against her due to her pregnancy. Before the Court is Defendant's unopposed motion to dismiss. For the following reasons, the motion is GRANTED.

## BACKGROUND

### I. RELEVANT FACTS[1]

At the times relevant to this action, Plaintiff was a pregnant woman who worked at Defendant's cannabis dispensary. Dkt. No. 1-1 at 1. Plaintiff is a resident of New York. *Id.* Defendant's business is also located in New York. *Id.*

In late 2024, Plaintiff began missing shifts due to her pregnancy. On November 27, 2024, she explained to her manager she missed her last shift due to morning sickness and explained she would miss another shift in December for "an upcoming appointment." *Id.*

[1] The following facts come from the Complaint at Dkt. No. 1 and the EEOC Charge of Discrimination at Dkt. No. 1-1. *Sabir v. Williams,* 52 F.4th 51, 61 (2d Cir. 2022) (holding that documents attached to the complaint may be considered in resolving a motion to dismiss). They are assumed true solely for purposes of resolving the motion to dismiss. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 104 (2d Cir. 2021).

Although her manager was congratulatory, the manager voiced concern after Plaintiff later missed a fourth shift, stating: "the calling out consistently was a lot." *Id.*

Plaintiff reported the conversation to Defendant's human resources director. *Id.* The director replied that she would address Plaintiff's concerns "and that she was going to make sure to try to arrange a schedule change" and contact Plaintiff by week's end. *Id.* Plaintiff alleges this follow up never occurred. *Id.* But Plaintiff concedes she and Defendant reached an agreement permitting Plaintiff to only work one day a week. *Id.* at 2.

As Plaintiff's pregnancy progressed, it became more difficult for Plaintiff to work her shift. *Id.* Additionally, "a trusted manager" told Plaintiff that Defendant held a meeting to see if there was a legal way to "release [Plaintiff]," but soon realized it was not possible. *Id.* at 1–2. Plaintiff decided to resign following that conversation "because I was not going to be able to work a full-time shift" and everyone suddenly was "being extra friendly," which "rubbed [Plaintiff] the wrong way." *Id.* at 2. Plaintiff also alleges that, although she was only working one day a week, the arrangement "did not feel good" as she "no longer felt supported." *Id.*

## II. PROCEDURAL HISTORY

Plaintiff filed this lawsuit on August 14, 2025. Dkt. No. 1. Her Complaint alleges sex/pregnancy discrimination, failure to accommodate, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). Dkt. No. 1 at 3–5.

On January 6, 2026, Defendant moved to dismiss the Complaint for failure to state a claim. Dkt. No. 15. Defendant principally argues that Plaintiff fails to state a claim under Title VII because she resigned voluntarily, and the conduct at issue does not meet the high bar for constructive discharge. Dkt. No. 16 at 5. Defendant also argues that the agreement to work one

day a week functioned as an accommodation, and that Plaintiff's subjective feelings about the accommodation does not amount to constructive discharge or retaliation. *Id.*

Defendant filed a certificate of service affirming that a copy of the motion was mailed to Plaintiff at her address. Dkt. No. 15. To date, Plaintiff has not filed an opposition.

## DISCUSSION

Plaintiff brings claims of sex/pregnancy discrimination and retaliation under Title VII, the NYSHRL, and the NYCHRL. She also alleges "failure to accommodate," which the Court construes as arising under the Americans with Disabilities Act ("ADA"). Even construing the Complaint liberally, however, Plaintiff has not stated any claim under federal law. Accordingly, the Court will dismiss Plaintiff's federal claims with leave to amend. Because the Court would lack subject-matter jurisdiction over this lawsuit unless Plaintiff successfully amends her complaint to state a federal law claim, the Court does not address whether Plaintiff has stated a claim under the NYSHRL or NYCHRL.

### I. LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In ruling on a motion to dismiss, a court must

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, the Court need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

Plaintiff is proceeding *pro se*. "[T]he submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 549 F.3d 241, 248 (2d Cir. 2006)).

Plaintiff failed to oppose the motion to dismiss. Nevertheless, a court may not grant a motion to dismiss solely due to a lack of opposition. *James v. John Jay College of Criminal Justice*, 776 Fed. App'x 723, 724 (2d Cir. 2019). Instead, it must proceed to assess the sufficiency of the complaint as a matter of law. *See Goldberg v. Danaher*, 559 F.3d 181, 183–84 (2d Cir. 2010).

## II. PLAINTIFF HAS NOT STATED A CLAIM UNDER TITLE VII

### A. Sex/Pregnancy Discrimination

Title VII makes it unlawful for an employer to discriminate based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To state a claim for sex discrimination in violation of Title VII, a plaintiff must allege that she was subject to an "adverse employment action." *Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d. Cir. 2002). "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006). Examples of adverse employment actions include "termination of employment, a

demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.*

The Complaint fails to allege any "adverse employment action." Although Plaintiff began working reduced shifts, the reduction came at Plaintiff's request through a mutual agreement. Next, Plaintiff's co-workers suddenly "being extra nice" is not a "materially adverse change" in the terms and conditions of her employment. And, finally, Defendant did not terminate Plaintiff. Instead, she opted to resign as she no longer felt supported and was "rubbed the wrong way" by her co-workers' sudden kindness. Nor does the Complaint state a claim for constructive discharge, which "occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 185 (2d Cir. 2011). Plaintiff left because she no longer "felt supported" and her co-workers' sudden kindness "rubbed [her] the wrong way." Dkt. No. 1-1 at 2. Those allegations are a far cry from an "intolerable work atmosphere." *See Serricchio*, 658 F.3d at 185 (explaining that "[w]orking conditions are intolerable if they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign"). Accordingly, Plaintiff has not stated a claim for sex/pregnancy discrimination in violation of Title VII.[3]

---

[3] Although Plaintiff has not specifically alleged a hostile work environment claim under Title VII, the Complaint likewise would not support such a claim. Plaintiff would be required to show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015). Even drawing all inferences in Plaintiff's favor, her Complaint falls far short of this standard. Plaintiff's manager was congratulatory about the pregnancy, despite later expressing that Plaintiff's repeated absences were "a lot." Dkt. No. 1-1 at 1. Nothing about this interaction evinces hostility. Defendant's human resources director was likewise cordial, promising to address Plaintiff's concern and helping her to arrange an accommodation of

**B. Retaliation**

The Complaint also does not state a retaliation claim under Title VII. Section 704(a) of Title VII makes it unlawful for an employer to discriminate against an employee because the employee opposed a practice that Title VII prohibits or participated in a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a). A plaintiff establishes a *prima facie* retaliation case by showing "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). Accordingly, like discrimination claims, Title VII retaliation claims require "an adverse employment action." *Littlejohn*, 795 F.3d at 316. For a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

As evidence of retaliation, Plaintiff cites the meeting where managerial staff discussed terminating her employment. Plaintiff's reliance on this incident is misplaced. Defendant determined it could not terminate Plaintiff's employment and proceeded to take no action against her. The meeting itself was not an adverse employment action—discrimination laws are not intended to punish employers for engaging in good faith efforts to understand and comply with their legal obligations. Moreover, there is no indication that Defendant intended for Plaintiff to even know about this meeting; Plaintiff states she only learned of it because a "trusted manager"

---

reducing the frequency of her shifts to once a week. *Id.* Finally, Plaintiff complains her co-workers began acting "extra nice." *Id.* at 2. The sum of these interactions is anything but hostile.

confided in her. Dkt. No. 1-1 at 1. Because the Complaint does not allege any adverse employment action after Plaintiff raised the issue of an accommodation for her pregnancy, it does not state a claim for retaliation under Title VII.

## III. PLAINTIFF DOES NOT STATE A CLAIM UNDER THE ADA

The Complaint generally alleges "failure to accommodate," which the Court construes as bringing a claim under the Americans with Disabilities Act ("ADA"). A failure-to-accommodate claim requires a plaintiff to allege, *inter alia*, that a plaintiff requested an accommodation that her employer refused to provide. *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 19 (2d Cir. 2015). Plaintiff alleges she asked her manager for "reasonable accommodations, including a modified schedule." Dkt. No. 1 at 5. Although Plaintiff alleges no accommodation was provided, her EEOC charge, which is attached to the Complaint, concedes that Plaintiff and Defendant reached an agreement permitting Plaintiff to work one day a week in person. *See* Dkt. No. 1-1 at 2; *Sabir*, 305 F.4th at 61 (holding that documents attached to the complaint may be considered in resolving a motion to dismiss). As Plaintiff fails to allege any specific accommodation she requested but was not provided, she has not stated a failure-to-accommodate claim under the ADA.

## IV. THE COURT WILL NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE-LAW CLAIMS WITHOUT A VIABLE FEDERAL CLAIM

Plaintiff resides in New York and does not contend that Defendant is domiciled outside of New York State.[4] Accordingly, the Court lacks diversity jurisdiction over Plaintiff's state-law

---

[4] The Complaint alleges that Plaintiff worked at Defendant's location in Manhattan. Although Plaintiff is *pro se*, she is still a plaintiff and therefore bears the burden of showing diversity before the Court can exercise diversity jurisdiction. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). Although it is theoretically possible that Defendant is domiciled outside of New York State, the Court cannot make that assumption absent a well-pleaded allegation from Plaintiff. Nor could the Court assume the amount-in-controversy requirement has been met. *See* 28 U.S.C. § 1332 (describing the requirements for diversity jurisdiction).

claims. Federal courts have supplemental jurisdiction over state-law claims that share a common nucleus of operative fact with federal claims. 28 U.S.C. § 1367. But when a federal court dismisses the federal claim over which it had original jurisdiction, it must reassess whether to exercise supplemental jurisdiction over the related state-law claims "by considering several related factors—judicial economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998).

As discussed above, Plaintiff has not stated a federal claim. Given the nascent stage of this litigation, judicial economy, convenience, fairness, and comity all weigh against the exercise of supplemental jurisdiction over Plaintiff's state-law claims. Dismissal of the state-law claims is premature, however, given Plaintiff will have an opportunity to file an amended complaint that may state a claim under federal law. Accordingly, the Court will defer a ruling on Plaintiff's state-law claims until after Plaintiff files an amended complaint.

## CONCLUSION

Defendant's motion to dismiss (Dkt. No. 15) is GRANTED. By no later than **August 13, 2026,** Plaintiff may, if she chooses, file an amended complaint that addresses the issues identified in this Opinion through additional facts or allegations sufficient to state a claim of sex/pregnancy discrimination, constructive discharge, retaliation, or hostile work environment under Title VII, or failure to accommodate under the ADA. Plaintiff is warned that, if she fails to file an amended complaint by the deadline, the Court will dismiss her federal claims with prejudice, dismiss her state-law claims for lack of subject matter jurisdiction, and enter a judgment in favor of Defendant.

The Clerk of Court is respectfully directed to terminate Dkt. No. 15 and mail a copy of this Opinion to the Plaintiff.

Dated: July 15, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge